UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JASWANT SINGH

       Plaintiffs,

  -against-           **AFFIRMATION**
                  19 CV 99

DHOTHER CONSTRUCTION INC.;
JINDER SINGH;
TARLOK SINGH;
MARFI CONTRACTING CORP.;

       Defendants
----------------------------------------------------------------------X

  JONATHAN SILVER, an attorney duly licensed to practice law in the Courts of the State of New York, affirms under the penalties of perjury:

  1. I am the attorney for the plaintiff in this action and I am familiar with the facts and circumstances set forth herein.

  2. I submit this Affirmation in support of this application seeking Court approval of a proposed settlement of the claims made by the plaintiff.

3. The plaintiff commenced this action against the defendants alleging that the defendants had failed to pay him sums he was due representing unpaid wages, unpaid overtime premium wages and unpaid prevailing wages as well as penalties for failing to provide to him appropriate wage statements and notices as required under applicable law and regulation.

4. This action also sought extra payments due for penalties for underpaid overtime wages as well as applicable interest and attorneys fees. All of these claims were made pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"), and the New York Labor Law §190, et seq. ("NYLL") and under applicable law and regulation.

5. Plaintiff made claim that he was employed from approximately June 2016 until August 14, 2018; that he had worked at public schools in New Rochelle and at the Jamaica Armory located in Queens New York; that he had performed various tasks including mason work, demolition work, operating a jackhammer; that he was initially paid in cash at the rate of $250.00 per day; that in approximately May 2017 he started receiving his wages by check.

6. Plaintiff also stated that on August 18, 2018 he was injured while at work at the location of the Jamaica Armory located in Queens New York. He claimed that it occurred on the 18th day of

his work at that location; that he was not paid for his work at that location.

7. Plaintiff appeared in my office at various times and plaintiff and this office communicated at various times over the telephone and by email and by regular mail; this action was commenced; defendants were served; pleadings were served; discovery demands were exchanged; this office appeared at a conference before the Court; the parties exchanged discovery documents; this office prepared damage calculations and issued a letter to counsel with that information all as directed by the Court; various emails and letters were exchanged among counsel and with the Court; this office participated in telephone conference calls with counsel and the Court; the parties agreed to a mediation and counsel selected a mediator; the parties and counsel appeared at a mediation and after hours of negotiations came to terms for a proposed settlement to be submitted to the Court for approval.

8. As a result of the settlement discussions at the mediation, the parties have agreed to a settlement subject to the Court's approval and have set those terms down in a stipulation of settlement. A copy of that stipulation of settlement is attached as Attachment 1 with proposed confessions of judgment and a stipulation of dismissal attached as Exhibits thereto.

9. In the conduct of this action and through discovery the following facts and circumstances were revealed. The plaintiff worked initially only being paid in cash at a rate less than the prevailing wage rate including supplemental payments he was due; that once he started being paid by check he appeared on payroll reports and was paid prevailing wages and supplemental payments but was not reported to have worked any overtime hours as he claimed; that no other employees on the same payroll records worked overtime either.

10. There was no dispute about his not having been paid for the 18 days he worked at the Jamaica Armory.

11. There was also no dispute that his actual employer was defendant DHOTHER CONSTRUCTION INC. and that defendants JINDER SINGH and TARLOK SINGH were the individuals acting on behalf of DHOTHER who were responsible for assuring he was paid what he was due. Defendant MARFI CONTRACTING CORP. simply served as a general contractor and was provided payroll reports that it relied on to issue payments to DHOTHER.

12. At the mediation defendant DHOTHER CONSTRUCTION INC. and that defendants JINDER SINGH and TARLOK SINGH made claim that their finances were such that full

payment could not be made of the sums due the plaintiff and that there were significant unpaid taxes that would serve as a priority debt.

13. My damage estimate was that the best possible outcome for the case would be damages totaling approximately $52,000.00 which would have been based on plaintiff showing that he worked a lot of overtime as claimed. But, the records provided showed that no one ever worked any overtime and plaintiff and I discussed how difficult it would be to show otherwise. Without overtime, the claim totaled approximately $24,000.00 for unpaid wages, underpaid prevailing wages. There was also a sum of approximately $7,500.00 claimed as plaintiff was not provided certain wage statements and wage notifications.

14. Plaintiff was advised that the defendants were claiming that they had no funds and that they owed a very large amount of money for unpaid taxes so that it would also be difficult to collect any money even if the case went to trial and the plaintiff prevailed.

15. After these discussions with plaintiff and after hours of negotiations with the able and diligent help of the mediator, plaintiff and I agreed that it would be acceptable and would be fair

and reasonable that we accept the sum of $25,000.00 Dollars as a settlement amount.

16. When I was retained by plaintiff a retainer agreement was executed providing that I would receive one third of the sum collected or $8,333.33. A copy of that retainer agreement is attached as Attachment 2. Plaintiff would then receive the net sum of $16,666.67. That one third share of the recovery would be inclusive of my expenses and costs incurred in bringing the claim for the plaintiff.

17. I have also presented to the plaintiff a copy of my time records. and expense records for review. See Attachment 3 and 4.

18. Plaintiff understands that the settlement amount will be paid over time and that there is a penalty so that if the payments are not made as agreed then a judgment for a sum double the amount that was still unpaid could be enforced. The confessions of judgment as executed would be enforceable in that manner after a default as defined in the agreement.

19. As plaintiff has limited language skills, I arranged to have his affidavit also submitted as part of this application read by and translated to plaintiff in Punjabi by Joginder Walia. An affidavit from Mr. Walia confirming that fact is also submitted.

20. It is submitted that in accordance with the directives set forth in the case of Cheeks v. Freeport Pancake House Inc. 796 F. 3d 199 (2d Cir 2015), the plaintiff does not release or settle any claim outside of the matter raised in the action before the Court. He retains any rights he has concerning his on the job accident. In addition, it is submitted that the proposed settlement is fair and reasonable and that the sum to be paid to the undersigned is also fair and reasonable.

21. In prosecuting this claim on behalf of the plaintiff the undersigned has incurred the following expenses:

COSTS AND DISBURSEMENTS

| | |
|---|---|
| Federal Court filing fee | $ 400.00 |
| Service of Process | 195.00 |
| Total: | $ 595.00 |

22. The undersigned was admitted to practice law in 1979 in New York and I have been engaged during the last 40 years in the general civil practice of law including wage cases. Such wage cases have been a growing portion of my practice over the last several years. I have been involved in approximately thirty wages cases. My usual and customary hourly rate for litigation such as this is $400.00 per hour.

23. The total time expended on this case is 37.5 hours to date.

24. It is submitted that the plaintiff has been represented in a professional and fair and equitable manner which is supported by the fact that the settlement discussed with my client was obtained just as he and the undersigned had discussed would be reasonable and acceptable. The plaintiff has without reservation agreed to the settlement as proposed. The sums expended on the case were necessary and reasonable. Based on the proposed distribution, the attorneys fees including reimbursement for costs and expenses requested equals 33.3% of the gross recovery.

WHEREFORE, plaintiff seeks approval of the proposed settlement and distribution of the settlement proceeds including reimbursement for costs and disbursements and attorneys fees as set forth in the proposed stipulation of settlement and plaintiff also seeks such other and further relief as is just and proper.

Dated: Kew Gardens, New York
December 18, 2019

_____
JONATHAN SILVER ESQ.(7924)